**Form 3015-1 - Chapter 13 Plan**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

**CHAPTER 13 PLAN-MODIFIED**

In re:
**Bonnie Kay Zulkosky**
**Michael John Zulkosky**

Dated: **February  1, 2013**

_____
DEBTOR                          Case No. **10-51380**

*In a joint case,*
*debtor means debtors in this plan.*

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE —**

   a. As of the date of this plan, the debtor has paid the trustee $ **8,620.00** .

   b. After the date of this plan, the debtor will pay the trustee $ **420.00** per **Month** for **33** months, **beginning February 2013**, for a total of $ **13,860.00** . The minimum plan payment length is **X** 36 or ___ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

   c. The debtor will also pay the trustee ___

   d. The debtor will pay the trustee a total of $ **22,480.00** [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE —** The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **2,248.00** , [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)] —** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | | Monthly Payment | Number of Months | | Total Payments |
|---|---|---|---|---|---|
| -NONE- | $ | | | $ | |
| a. TOTAL | | | | $ | 0.00 |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] —** The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
| -NONE- | |

5. **CLAIMS NOT IN DEFAULT —** Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Property |
|---|---|
| -NONE- | |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) & § 1322(e)] —** The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default.

| Creditor | | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| -NONE- | $ | | $ | | | |
| a. TOTAL | | | | | $ | 0.00 |

7. **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e) ] —** The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

| Creditor | | Amount of Default | Int. rate (if applicable) | | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|
| -NONE- | $ | | | $ | | | | |
| a. TOTAL | | | | | | | $ | 0.00 |

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| | Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) | x (No. of Pmnts) = | Pmnts on Account of Claim + | (Adq. Prot. from ¶ 3) = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|
| a. | Frandsen Bank & Trust | $ 1,718.49 | $ 1,718.49 | 5.25 | $ | | $ | $ 1,814.03 | $ 0.00 | $ 1,814.03 |
| b. | TOTAL | | | | | | | | | $ *1,814.03 |

*Paid Frandsen Bank & Trust: $1,814.03

**9. PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates.* The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | Attorney Fees | $ 2,200.00 | $ | | | $ *2,200.00 |
| b. | Internal Revenue Service | $ 2,362.96 | $ | | | $ **2,362.96 |
| c. | MN Department of Revenue | $ 1,097.56 | $ | | | $ ***1,097.56 |
| d. | | | | | | $ 5,660.52 |

*Paid Attorney Fees: $2,200.00

**Paid Internal Revenue Service: $2,362.96

***Paid MN Department of Revenue: $1,097.56

**10. SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:  **-NONE-**
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates.*

| | Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | |
| a. | TOTAL | | | | | $ | 0.00 |

**11. TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ 12,757.45  [line 1(d) minus lines 2, 6(a), 7(a), 8(a), 9(d) and 10(a)].

a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ 0.00 .

b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ 24,592.48 .

c. Total estimated unsecured claims are $ 24,592.48  [line 11(a) + line 11(b)].

**12. OTHER PROVISIONS —**
    Special Intentions:

    Chase: Debtor is surrendering the Property to Creditor in full satisfaction of the secured claim.  Creditor shall be allowed an unsecured claim for the deficiency balance owed.

    Chase Manhattan Mortgage: Debtor is surrendering the Property to Creditor in full satisfaction of the secured claim. Creditor shall be allowed an unsecured claim for the deficiency balance owed.

**Title in any secured property will vest in the debtor upon payment of the secured portion of the creditor's claim and debtor's discharge. The debtor shall receive a discharge upon completion of the scheduled plan payments or upon payment of 100% of timely filed unsecured claims, whichever occurs first.  Trustee shall not pay any untimely filed general unsecured creditors (excluding taxing authorities).  Claims filed as secured but for which the plan makes no express provision shall be paid as unsecured claims as set forth in Paragraph 11 above.**

**A proof of claim may be filed by any entity that holds a claim against the debtor for taxes that become payable to a governmental unit while the case is pending limited to only the tax year for which the bankruptcy case was filed.  The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.**

**13.  SUMMARY OF PAYMENTS** —

| | | |
|---|---|---:|
| Trustee's Fee [Line 2] | $ | **2,248.00** |
| Home Mortgage Defaults [Line 6(a)] | $ | **0.00** |
| Claims in Default [Line 7(a)] | $ | **0.00** |
| Other Secured Claims [Line 8(b)] | $ | **1,814.03** |
| Priority Claims [Line 9(d)] | $ | **5,660.52** |
| Separate Classes [Line 10(a)] | $ | **0.00** |
| Unsecured Creditors [Line 11] | $ | **12,757.45** |
| **TOTAL [must equal Line 1(d)]** | $ | **22,480.00** |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
**Wesley W. Scott 0264787**
**Lund Kain Scott, PA**
**13 7th Ave. S**
**St. Cloud, MN 56301**
**320-252-0330**
**0264787**

Signed    **/s/ Bonnie Kay Zulkosky**
**Bonnie Kay Zulkosky**
DEBTOR

Signed    **/s/ Michael John Zulkosky**
**Michael John Zulkosky**
DEBTOR (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                          BKY:  10-51380

Bonnie Kay Zulkosky
Michael John Zulkosky

            Debtors                                             Chapter 13

---

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the Notice of Hearing and Motion,
Memorandum in Support of Debtors Motion for Post-Confirmation Modification and Modified
Chapter 13 Plan was served upon all parties electronically:

U.S. Trustee                                Kyle Carlson, Chapter 13 Trustee
1015 U.S. Courthouse                        PO Box 519
300 S 4th St                                Barnesville MN 56514
Minneapolis MN   55415

And upon all parties in interest at the addresses set forth in the exhibit which is attached hereto,
by first class mail:

on February 1, 2013.

Dated:  February 1, 2013                     LUND KAIN & SCOTT, P.A.


                                             /e/ WESLEY W. SCOTT-#0264787
                                             13 7th Avenue South
                                             St. Cloud, MN 56301
                                             (320) 252-0330

CAPITAL MANAGEMENT
726 EXCHANGE ST SUITE 700
BUFFALO NY 14210

CHASE
PO BOX 901039
FORT WORTH TX 76101

CHASE
PO BOX 15298
WILMINGTON DE 19850

CHASE MANHATTAN MORTGAGE
RESEARCH DEPT. G7-PP
3415 VISION DRIVE
COLUMBUS OH 43219

DISCOVER FINANCIAL
BANKRUPTCY DEPARTMENT
PO BOX 6103
CAROL STREAM IL 60197

FRANDSEN BANK & TRUST
341 4TH AVENUE N
FOLEY MN 56329

GEMB/JCP
ATTENTION:  BANKRUPTCY
PO BOX 103104
ROSWELL GA 30076

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
PO BOX 21126
PHILADELPHIA PA 19114

MN DEPARTMENT OF REVENUE
PO BOX 64564
SAINT PAUL MN 55164-0564

MN DEPT OF HUMAN SERVICES
PO BOX 64171
SAINT PAUL MN 55164-0171

NATIONAL ENTERPRISE SYSTEMS
29125 SOLON ROAD
SOLON OH 44139-3442

TARGET VISA
PO BOX 560284
DALLAS TX 75356

WELLS FARGO
PO BOX 60510
LOS ANGELES CA 90060

WFNNB/BRYLANE HOME
PO BOX 182121
COLUMBUS OH 43218

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**Bonnie Kay Zulkosky**
**Michael John Zulkosky**
Debtor(s).

**SIGNATURE DECLARATION**

Case No. __10-51380__

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☒ MODIFIED CHAPTER 13 PLAN
☒ OTHER (Please describe: __MOTION TO MODIFY POST-CONFIRMATION CHAPTER 13 PLAN__ )

I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: __2-1-13__

X _Bonnie K Zulkosky_
Signature of Debtor or Authorized Representative

X _Michael J Zulkosky_
Signature of Joint Debtor

**Bonnie Kay Zulkosky**
Printed Name of Debtor or Authorized Representative

**Michael John Zulkosky**
Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)